UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-02049 AG (KKx) | Date | May 17, 2018 |
|---|---|---|---|
| Title | ANTHONY J. BROOKS v. REBECCA LYNN LAWS BROOKS ET AL. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:    [IN CHAMBERS] ORDER GRANTING MOTIONS TO DISMISS**

This matter is appropriate for resolution without oral argument, particularly since Plaintiff is in prison and unable to attend the hearing. *See* Fed. R. Civ. P. 78(b). The Court VACATES the May 21, 2018 hearing.

Back in August 2017, Plaintiff Anthony J. Brooks filed this lawsuit against Defendants Rebecca Lynn Laws Brooks, JP Morgan Chase Bank, N.A., KeyBank, N.A., and a group of defendants collectively called the "Target Defendants"—including Target Corporation, Alight Solutions LLC, Target Corporation 401(k) Plan, and Target Corporation Pension Plan. (Compl., Dkt. No. 1-1.) Plaintiff alleges that his ex-wife unlawfully received payments from employee benefit funds he was entitled to. The Target Defendants and Chase filed separate motions to dismiss Plaintiff's operative complaint. (Dkt. Nos. 42, 45.) Plaintiff hasn't filed any opposition to these motions.

Plaintiff's failure to respond to the pending motions reflects his unsatisfactory participation throughout this case, which has been spotty at best. The Court previously gave Plaintiff more time to respond to a previous set of motions to dismiss. (Dkt. No. 29.) Rather than oppose the merits of those motions, Plaintiff asked the Court for leave to amend his complaint, which the Court granted. (*See* Dkt. Nos. 34, 39.) On this round of motions to dismiss, the Court continued the hearing on the motions. (Dkt. No. 49.) In that order, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-02049 AG (KKx) | Date | May 17, 2018 |
|---|---|---|---|
| Title | ANTHONY J. BROOKS v. REBECCA LYNN LAWS BROOKS ET AL. | | |

explicitly cautioned "Plaintiff that failure to file an opposition by the appropriate deadline may result in dismissal of this case." (*Id.*) Yet Plaintiff filed no opposition to the pending motions. Plaintiff filed this lawsuit, but hasn't fully participated in its resolution. Against that backdrop and mindful of the duty "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court issues this order. Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Target Defendants argue that Plaintiff's state law claims against them, which concern certain employee benefit plans, are preempted under the Employee Income Security Act of 1974, 29 U.S.C. § 1001 and related sections (ERISA). Further, they argue that Plaintiff has failed to exhaust his administrative remedies before coming to court, a necessary prerequisite to filing a lawsuit about an ERISA benefit plan. As the Target Defendants put it, if this case is dismissed "without prejudice", Brooks "would have the opportunity to submit [to the Target Defendants] any relevant information he possesses in support of his claim" for administrative review. (Mot., Dkt. No. 43 at 8.) "If his claim was denied at the conclusion of the claim review process, he could appeal that decision and then re-file this suit in court if necessary." (*Id.*) These arguments have serious bite.

Defendant Chase argues that Plaintiff fails to plead sufficient facts to show a plausible claim for relief. Plaintiff's complaint alleges that his ex-wife transferred employee benefit funds he was entitled to into her own bank account at Chase Bank. (Amended Compl., Dkt. No. 34 at 6.) Plaintiff sued Chase under Article 4A of the Uniform Commercial Code, which includes many different sections. Chase argues that Plaintiff really intends to assert a claim under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-02049 AG (KKx) | Date | May 17, 2018 |
|---|---|---|---|
| Title | ANTHONY J. BROOKS v. REBECCA LYNN LAWS BROOKS ET AL. | | |

Section 4A-207, which prevents a bank from accepting funds transferred to the bank for the benefit of a person or bank account that doesn't exist. Chase argues that "nothing in Article 4A makes a receiving bank liable for accepting a wire transfer in the name of its existing and identifiable customer." (Mot., Dkt. No. 45 at 5.) Because Plaintiff's own allegations demonstrate that Chase accepted the transfer into an existing bank account on behalf of an existing person (Plaintif's ex-wife), Chase argues it isn't liable. These arguments are quite strong.

The adversarial process has broken down here. In the Central District of California, an "opposing party" must either submit "a brief but complete memorandum which shall contain a statement of all the reasons in opposition [to the motion] and the points and authorities upon which the opposing party will rely," or submit "a written statement that th[e] party will not oppose the motion." C.D. Cal. L.R. 7-9. Plaintiff has done neither. Based on Plaintiff's failure to comply with the rules, the Court deems Plaintiff's silence as "consent" to granting the Defendants' motions to dismiss. *See* C.D. Cal. L.R. 7-12.

For these and other reasons, the Court GRANTS the Target Defendants' motion to dismiss with "without prejudice" (Dkt. No. 42) and GRANTS JP Morgan Chase Bank's motion to dismiss without leave to amend. (Dkt. No. 45.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |